UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RASHEED AKEEM BURLEY,

    Plaintiff,

v.                                  CASE NO. 3:20-cv-1029-MMH-JBT

RED ROOF INN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on *pro se* Plaintiff's "Petition for Discretion of Affidavit of Indigency Application," which the Court construes as a Motion to Proceed *In Forma Pauperis* ("Motion") (Doc. 4) and the Supplement thereto (Doc. 5). For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED** and the case be **DISMISSED without prejudice**.

### I.    Standard

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

through the filing of an affidavit that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  Even assuming that the Motion and Supplement sufficiently demonstrate that Plaintiff meets the financial criteria and is therefore entitled to proceed *in forma pauperis*, when such a motion is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  The Court must also dismiss *sua sponte* an action if, at any time, it determines that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

To avoid a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do.  *Id.*

Pleadings submitted by a *pro se* plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).  Courts are under no duty, however, to "re-write" a plaintiff's complaint to find a claim.  *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

## II. Analysis

In its prior Order (Doc. 6), the Court took the Motion under advisement and stated that, even liberally construed, Plaintiff's Complaint (Doc. 1) was deficient in several respects.  According to the Complaint, Plaintiff, an African American who is currently incarcerated in the Duval County Jail, was arrested at a Red Roof Inn. (*Id.* at 7.)  He alleges that the incident began when an employee refused to let him use the phone.  (*Id.*)  Thereafter, a different employee told him to leave and used a racial slur.  (*Id.*)  Plaintiff refused to leave and law enforcement was called.  (*Id.*) Plaintiff was ultimately assaulted and falsely arrested by officers from the Neptune Beach Police Department ("NBPD") based in part on false statements made by Red Roof Inn employees.[2]  (*Id.* at 7–8, 11–12.)  Plaintiff now seeks to hold Defendants Red Roof Inn, its unknown owners and managers, and the subject employees liable for the injuries he suffered as a result of the arrest.  (*Id.* at 8.)  In short, Plaintiff alleges that the incident would not have occurred had the Red Roof Inn employees not racially discriminated against him.  (*Id.*)  He now attempts to bring claims pursuant to 42 U.S.C. § 1983 based on alleged violations of his constitutional rights.  (*See id.* at 1, 10.)

As the Court previously stated, Plaintiff has not alleged that Defendants, all of whom are private parties, are state actors as required to state a claim under

---

[2] Plaintiff has filed a separate action, which is currently pending, against the NBPD and the officers allegedly involved in his arrest. *See Burley v. Neptune Beach Police Dept.*, Case No. 3:20-cv-930-TJC-JRK.  As of the date of this Report and Recommendation, the IFP petition is under advisement.

section 1983. (Doc. 6 at 3–4.) *See Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000) ("To obtain relief under § 1983, [Plaintiff] must show that he was deprived of a federal right by a person acting under color of state law."); *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) ("Only in rare circumstances can a private party be viewed as a state actor for section 1983 purposes."). The Court also noted that Plaintiff's allegations are insufficient to otherwise state any claim for relief. (Doc. 6 at 4.)

Therefore, Plaintiff was ordered to "file an amended complaint in compliance with [the prior] Order" on or before March 15, 2021.[3] (Doc. 11.) Plaintiff was cautioned that if he "fails to do so, the undersigned will likely recommend that the District Judge deny the Motion and dismiss this action." (*Id.*) To date, Plaintiff has not filed an amended complaint. For this reason, and the reasons stated in the prior Order, the undersigned recommends that this case be dismissed for Plaintiff's failure to state a claim on which relief may be granted and failure to prosecute.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 4**) be **DENIED**.

2. The case be **DISMISSED without prejudice**.

3. The Clerk of Court be directed to terminate any pending motions and close the file.

---

[3] The initial deadline was December 21, 2020. (Doc. 6 at 4.) The Court granted Plaintiff two extensions of time to file an amended complaint. (Docs. 9 & 11.)

4

**DONE AND ENTERED** in Jacksonville, Florida, on March 31, 2021.

*[signature]*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

*Pro se* Plaintiff